# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:20-cr-68 |
| v. | : | |
| | : | Judge Thomas M. Rose |
| JOSEPH MAYES, | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S SECOND (PRO SE) MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 56)**

---

This case is before the Court on the *pro se* Motion for Compassionate Release (Doc. No. 56) (the "Motion"), filed by Joseph Mayes ("Mayes"). Mayes is currently incarcerated at FCI Butner Low in North Carolina. He asks the Court for a compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391). (*Id.*) In the alternative, Mayes requests that the Court modify his sentence to "time served with a 'special condition of supervised released' in the form of Location-Monitored Home Confinement." (*Id.*) For the reasons discussed below, the Court **DENIES** Mayes' Motion.

## I. BACKGROUND

On February 20, 2020, the Government filed a criminal complaint (the "Complaint") alleging three separate counts against Mayes relating to possession of large quantities of illicit substances. (Doc. No. 1 at PageID 2.) On January 25, 2021, pursuant to a plea agreement, Mayes pleaded guilty to Count One of Complaint, possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled

1

substance. (Doc. Nos. 32 and 35.) The Statement of Facts attached to the Plea Agreement, signed by Mayes and his attorney, states:

> Beginning on an exact date unknown but at least by on or about February 19, 2020, while in the Southern District of Ohio, the defendant JOSEPH MAYES knowingly and intentionally possessed in excess of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. The defendant's possession of said fentanyl was with the express purpose and intent to later sell and distribute it to addicts and other drug users located in the Dayton, Ohio area for his personal profit.
>
> On February 19, 2020, the defendant was traffic stopped by an Ohio State Highway Patrol Trooper for an observed traffic infraction in Montgomery County. The defendant consented to a search of his vehicle. During the search of defendant's vehicle, a distribution quantity of fentanyl was found and $6,630 in U.S. currency was on MAYES' person. The defendant immediately acknowledged his possession of the contraband to law enforcement at that time. Upon MAYES' arrest, law enforcement obtained a search warrant for MAYES' residence located at 1445 Guenther Road. At MAYES' residence, law enforcement seized numerous items related to MAYES' drug trafficking activities including but not limited to a distribution quantity of fentanyl, a Taurus Judge .45/.410 handgun, SN: MR559487, with three .410 shotgun, shells and two .45 bullets; and a Winchester Model 50 12 ga. Shotgun, SN: 8572, with two partial boxes of .45 and .357 caliber ammunition. MAYES kept the firearms for protection of his drugs and drug trafficking activities. The total amount of a mixture or substance containing a detectable amounts of fentanyl attributable to MAYES exceeded 632 grams in quantity.

(Doc. Nos. 32 at PageID 86.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") for Mayes. (Doc. No. 39.) The PSR reported that Mayes suffered from myriad ailments including diabetes, hypertension, neuropathy, back pain, kidney issues, sinus bradycardia, high blood sugar, anxiety, depression, and post-traumatic stress disorder. (*Id.* at PageID 137-138.) Since being sentenced, Mayes alleges his diagnoses for peripheral vascular disease, glaucoma, retinopathy, and chronic kidney disease. (Doc. No. 53 at PageID 202-203; Doc. No. 56 at PageID 228.) However, Mayes has submitted no evidence supporting these diagnoses to the extent that they differ from his recorded ailments at the time of sentencing.

At sentencing in this case, the Court imposed a 60-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 46.) Mayes is currently 43 years old and has an anticipated release date of September 26, 2024. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited September 6, 2023).)

On February 25, 2022, Mayes filed his first *pro se* Motion for Compassionate Release. (Doc. No. 50.) The Court denied the motion on August 25, 2022. (Doc. No. 55.) Mayes filed the present Motion on March 15, 2023. (Doc. No. 56.) The Government filed its response on June 27, 2023. (Doc. No. 57.) Mayes did not file a reply. The matter is ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

3

reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford

---

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Mayes asks the Court to grant him compassionate release or, in the alternative, to grant him time served with a special condition of supervised release on home confinement. (Doc. No. 56 at PageID 227.) Mayes states that he believes he is receiving inadequate medical care from the FCI Butner complex to treat his various ailments. (*Id*. at PageID 228.) Additionally, Mayes alleges black mold at the FCI Butner complex as a cause for concern, given his medical condition. Mayes concludes by apprising the Court of his efforts and aspirations with regard to his rehabilitation. (Doc. No. 57 at PageID 229-230.)

In response, the Government makes two substantive arguments. First, the Government argues that Mayes has failed to substantiate that he has developed medical conditions beyond those considered at sentencing. (Doc. No. 57 at PageID 238-240.) Second, the Government argues generally that granting Mayes a compassionate release would contradict the sentencing factors under 18 U.S.C. § 3553(a). (*Id*. at PageID 240.) Mayes did not file a reply.

#### 1. Preliminary Matters

Section 3582(c)(1)(A) allows the Court, in certain limited circumstances, to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i). Mayes states that should the Court not grant his compassionate release outright he should be granted time served and released to home confinement under terms of supervised release. (Doc. No. 56 at PageID 227.) The Government

5

argues that Mayes should not receive time served for the same reasons he should not be granted compassionate release generally. (Doc. No. 57 at PageID 238-240.)

Mayes' request that the Court grant him time served and impose a term of supervised release amounts to a request for sentence reduction. *United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). This request is functionally no different than Mayes' primary request for compassionate release. Therefore, Mayes' alternative request here is moot.

### 2. Section 3582 Considerations

As the Parties agree that the Court has jurisdiction to consider Mayes' request, the Court must determine whether Mayes can satisfy the Section 3582 requirements. Regarding the first requirement, for purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Mayes has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[3] Regarding the second requirement, given that Mayes (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

---

[3] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Mayes qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

Regarding the third requirement, the Court has considered the Parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Mayes' history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Mayes accepted responsibility for his actions and appears to have made great efforts toward his rehabilitation while incarcerated.

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Mayes is currently incarcerated involved large quantities of fentanyl and heroin. (Doc. No. 39 at PageID 127-128.) Heroin and fentanyl are both dangerous, and potentially lethal, controlled substances. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina*, No. 3:16-cr-00039, 2021 U.S. Dist. LEXIS 90270, at *16, 2021 WL 1909708 (S.D. Ohio May 12, 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal, controlled substances"); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 U.S. Dist. LEXIS 66214, at *14, 2021 WL 1267529 (S.D. Ohio Apr. 6, 2021) (heroin and fentanyl "are dangerous, potentially lethal, controlled substances"); *United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an

7

exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *United States v. Marshall*, No. 18-cr-20491, 2020 WL 5369038, at *3, 2020 U.S. Dist. LEXIS 162919 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

The Court appreciates Mayes' rehabilitative efforts while incarcerated and notes Mayes' limited criminal history. (Doc. No. 39 at PageID 130-134.) However, the Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid sentencing disparities do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(B) and (a)(6). The Court considered Mayes' conduct, history, and the underlying facts of this offense at sentencing. In doing so, the Court fashioned a sentence which was already a significant downward departure given the seriousness of the offense. A sentence reduction here would further be a downward departure that would contradict the mandatory minimum sentence – which the Court imposed originally – and it would certainly not reflect the seriousness of Mayes' offense.

Having considered the Parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that reduction in the term of imprisonment is not warranted. Thus, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

## III. CONCLUSION

Although the Court appreciates Mayes' rehabilitative efforts, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Second (Pro Se) Motion for Compassionate Release (Doc. No. 56).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 13, 2023.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
